IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Keith Adger Smyth, ) | C/A No. 0:13-2691-RBH-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| Nela Urch, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff Keith Adger Smyth ("Smyth"), a self-represented pretrial detainee, filed this action seeking relief pursuant to 42 U.S.C. § 1983.  Smyth alleges violations of his constitutional rights by the named defendant.  This matter is before the court on plaintiff's motions for a "court date" and for free copies of his case file and discovery documents.  (ECF Nos. 30 & 31.)

To the extent that Smyth seeks discovery through his motion, absent a dispute the court generally does not enter the discovery process, which is detailed in the Federal Rules of Civil Procedure.  See generally Fed. R. Civ. P. 26 through 37; see also Fed. R. Civ. P. 45.  Plaintiff is advised that he does not need specific authorization from the court to obtain discovery from the defendant.  Rather, he should direct his discovery requests to the counsel of record for the defendant.  If Plaintiff is dissatisfied with the responses he receives from the defendant, he may then file a motion to compel.  See Local Civil Rule 37.01 DSC.

Additionally, while Plaintiff was granted leave to proceed *in forma pauperis* in this matter pursuant to 28 U.S.C. § 1915, this status exempts litigants from paying the filing fees in full at the time the lawsuit is filed; it does not exempt litigants from the costs of copying and filing documents, service of documents other than the complaint, costs, expert witness fees, or sanctions.  See, e.g., In

*PJG*

re Richard, 914 F.2d 1526 (6th Cir. 1990) (stating that the granting of *in forma pauperis* status "does not give the litigant a right to have documents copied and returned to him at government expense"). Likewise, Plaintiff's *in forma pauperis* status does not exempt him from paying the costs necessary to conduct discovery.  See Tabron v. Grace, 6 F.3d 147, 159 (3d Cir. 1993) ("There is no provision in [28 U.S.C. § 1915] for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant.").

Based on the foregoing, it is

**ORDERED** that Plaintiff's motion for copies and discovery is denied.  (ECF No. 31.) Additionally, Plaintiff's motion for a court date is premature and is denied without prejudice at this time.  (ECF No. 30.)

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

March 12, 2014
Columbia, South Carolina