IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Keith Adger Smyth, ) | Civil Action No.: 0:13-cv-2691-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Neal Urch, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff Keith Adger Smyth ("Plaintiff"), proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 against Defendant Neal Urch ("Defendant") on October 2, 2013. *See* Compl., ECF No. 1. On March 13, 2014, Defendant filed a motion for summary judgment. *See* Mot., ECF No. 43. Plaintiff filed a response in opposition to Defendant's motion on March 19, 2014, *see* ECF No. 51, and supplemented his response on March 27, 2014, *see* ECF No. 54. The matter is before the Court for review of the Report and Recommendation ("R & R") of United States Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina. *See* R & R, ECF No. 82. In her Report and Recommendation, the Magistrate Judge recommends the Court grant Defendant's motion. *See id.* at 12.

The deadline to file objections to the R & R was October 23, 2014. To date, the Court has not received any objections to the R & R. However, on October 31, 2014, Plaintiff did file a motion to dismiss, indicating that he intended to dismiss the case "without prejudice because I didn't study the law in S.C. good now I have study the law good now." *See* ECF No. 84 at 1. He also notes that "I now know how to file a lawsuit in good faith." *See id.*

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this

Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  *See* 28 U.S.C. § 636(b)(1).

No party has filed objections to the Report and Recommendation.  In the absence of objections to the Report and Recommendation of the Magistrate Judge, this Court is not required to give any explanation for adopting the recommendations.  *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).  The Court reviews only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

The Court finds that allowing Plaintiff to voluntarily dismiss this matter without prejudice would be improper at this juncture, as Plaintiff did not make this motion until after Defendant filed a motion for summary judgment, which was fully briefed by the parties, and the Magistrate Judge issued her R & R.  *See* Fed. R. Civ. P. 41(a).  Therefore, it is **ORDERED** that Plaintiff's motion to dismiss is **DENIED**.

Moreover, after a thorough review of the record in this case, the Court finds no clear error.  Accordingly, the Report and Recommendation of the Magistrate Judge is adopted and incorporated by reference.  Therefore, it is **FURTHER ORDERED** that Defendant's motion for summary judgment is **GRANTED** and this action is **DISMISSED** *with prejudice*.

**IT IS SO ORDERED.**

                                                      s/ R. Bryan Harwell
                                                      R. Bryan Harwell
                                                      United States District Judge

Florence, South Carolina
November 24, 2014